**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard R Day, | No. CV-19-04388-PHX-GMS (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Defendants. | |

Pending before the Court is Richard R. Day's Appeal of Magistrate Judge James F. Metcalf's Order denying Plaintiff's motion for sanctions, (Doc. 120), and Appeal of the Magistrate Judge's Order denying Plaintiff's motion for delayed response, (Doc. 128). For the following reasons, both appeals are denied.

## BACKGROUND

On March 29, 2021, Plaintiff sought sanctions against Defendants because Defendants disclosed emails, which Plaintiff asserts they previously denied existed, that "do not reflect the entire picture," "falsely claim events out of context," and show that Defendants use "medication abrupt stoppages as retaliation." (Doc. 112 at 1–2.). The Magistrate Judge declined to order any sanctions. (Doc. 119 at 3–4.). On May 5, 2021, Plaintiff moved for an extension of time to file a response to Defendants Centurion and Shinn's motion for summary judgment and cross-motion for summary judgment. (Doc. 121.) Plaintiff requested the extension on the grounds that he was under the false

belief that his motion for default "resolved everything." *Id.* The Magistrate Judge denied Plaintiff's request, reasoning that Plaintiff failed to establish excusable neglect or good cause to amend the deadline for dispositive motions. (Doc. 124.)

Plaintiff now appeals the Magistrate Judge's Order denying sanctions, (Doc. 119), and the Order denying his motion for an extension, (Doc. 124).

## DISCUSSION

### I. Legal Standard

A district court may review a magistrate judge's ruling on a "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For pretrial orders, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*; *see also* 28 U.S.C. § 636(b)(1)(a) (providing that a district court may reconsider a pretrial matter where "the magistrate judge's order is clearly erroneous or contrary to law"). The clearly erroneous standard applies to findings of fact and the contrary to law standard applies to legal conclusions. *See Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. of Cal. Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, No. CV-F-07-026 OWW/TAG, 2008 WL 4217742, at *1 (E.D. Cal. Sept. 11, 2008) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). In reviewing a non-dispositive pretrial order, in no event may the district court "simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### II. Analysis

#### A. Appeal of Doc. 119

Plaintiff asserts that the Magistrate Judge erred in not entering default as a sanction because a declarant lied in her declaration. However, Plaintiff did not mention this declaration in his motion for sanctions. Accordingly, the Court does not consider it on appeal. *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 796 n.3 (E.D. Va. 2008) (explaining that Courts only look to the "facts actually before the Magistrate Judge" on appeal); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) (stating that the Magistrate Act was not intended to "give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"). Plaintiff further asserts that Defendants continue to conceal relevant emails. However, as the Magistrate Judge noted, if Plaintiff believes Defendants are still concealing relevant information, he should file a motion to compel that abides by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure. Furthermore, courts enjoy "much discretion in determining whether and how much sanctions are appropriate." *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995). The Magistrate Judge acted well-within his discretion in denying Plaintiff's request for terminating sanctions. Accordingly, Plaintiff's appeal of Doc. 119 is denied.

### B. Appeal of Doc. 124

Plaintiff objects to the Magistrate Judge's denial of his motion to file a delayed response and cross-motion for summary judgment because of Defendants' counsel's failure to provide the emails. However, Plaintiff did not present this argument to the Magistrate Judge. As previously discussed, the Court will not consider an argument not presented to the Magistrate Judge first. Accordingly, Plaintiff's objection is denied.

### CONCLUSION

For the reasons provided above, Plaintiff's appeals are denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Doc. 119 Page 2 Line 5 to 3 Line 22 Page 4 Line 28 (Doc. 120) is **DENIED.**

/ / /

1 **IT IS FURTHER ORDERED** that Plaintiff's Objection to Doc. 124 (Doc. 128) is
2 **DENIED.**
3    Dated this 3rd day of August, 2021.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge